SARTAIN, Judge.
Plaintiff instituted this suit for damages arising out of the burglary of his place of business, Bowie’s Package Liquor. He appeals from an adverse judgment.
Prior to the incident giving rise to this litigation, plaintiff entered into a contract with defendant, whereupon the latter was to furnish and install a burglar alarm system. The unit consisted of a bell and dialer device. Contact points were established at the front and rear doors, side window, and safe at the business establishment. If any contact point was disturbed (broken), the bell was to sound a continuous loud ringing noise and the dialer was to effect a telephone alarm to plaintiff’s home and the sheriff’s nearby substation.
On the morning of the burglary (4:40 A.M.), the burglars gained admission by sawing out the bottom panel of the wooden rear door, just beneath the contact point. They placed plaintiff’s safe in .a tub and made their exit through the same opening. When the safe was removed it triggered the alarm. However, because of a faulty power pack, the bell emitted only a soft buzzing sound. The dialer device signaled plaintiff at his home and the sheriff’s substation.
The sheriff’s deputies testified that they arrived at the scene within two minutes of the call. Plaintiff testified that he was only two minutes away from his place of business and when he arrived the deputies *973 were already there. The tub was found near a neighbor’s home but the safe was never recovered. This suit is for the value of the safe and its contents.
The contract between the parties contained the following clause:
“The amounts payable by the Subscriber are not sufficient to warrant Alford assuming any risk of consequential or other damages to the Subscriber due to Alford’s negligence or failure to perform. The Subscriber does not desire this contract to provide for the liability of Alford and Subscriber agrees that Alford shall not be liable for loss or damage due directly or indirectly to any occurrence or consequences therefrom, which the service is designed to detect or avert.”
Plaintiff strenuously argues that the trial court erred when it failed to hold that the above quoted disclaimer clause is contrary to public policy. Plaintiff contends that such a clause renders the contract one of adhesion and that liability should be imposed on the defendant for its failure to supply the services for which it contracted.
While the trial court did uphold the validity of the clause, its decision is based on the finding that the malfunction of the bell was not a cause-in-fact of plaintiff’s loss. We quote with approval the following pertinent portions of the district judge’s reasons for judgment:
“Plaintiff contends that the loss his business sustained as a result of the burglary was caused by the malfunction of the ringing device. It is his contention that had the bell rung, persons nearby would have been alerted and would have taken action to notify the police and/or apprehend the culprit. In this regard, however, this Court finds that the police had already been notified of the break in by the dialer system of the alarm itself. And, since they were on the scene within two minutes of such notice, actions of neighbors alerting them would have been superfluous. Further, the testimony introduced at trial of neighboring residents indicates that the most any of them would have done would have been to alert the police. None of them testified that they themselves would have made any personal attempts toward apprehension of the culprit. Some even testified that they had not even heard the bell system when it did function on the occasion of a burglary at Bowie’s the year before.
“This Court finds that the most advantageous result which could have resulted had the alarm bell rung and been heard by neighbors is that perhaps some of these neighbors would have looked outside and seen the culprit’s flight and later been able to provide some sort of identification to aid the police investigation. Also, perhaps the ringing of the alarm system would have frightened the burglar himself causing him to abort his mission. But these possibilities are purely speculative at most and the Court is of the opinion that the plaintiff has been unsuccessful in shouldering the burden of proving that the bell system’s failure was a substantial cause-in-fact of his loss. The fact is that the dialer worked and the police were at the scene within two minutes of the alert. There is no indication that the alarm would have produced more impressive results.”
The issue as to the validity of the disclaimer clause is immaterial to a resolution of the dispute between the parties and we therefore pretermit any discussion thereof.[1]
For the above reasons, the judgment of the district court is affirmed at plaintiff’s cost.
AFFIRMED.

. A similar clause was held to be valid in Alan Abis, Inc. v. Burns Electronic Security Serv., Inc., 283 So.2d 822 (La.App. 2nd Cir. 1973).